IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Steffanie Dyson, (20210105078), )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>)<br>Thomas J. Dart, Cook County Sheriff, )<br>)<br>Respondent. ) | Case No. 22-cv-2765<br><br>Judge Robert M. Dow, Jr., |

**ORDER**

The habeas corpus petition [1] is denied. Petitioner's motions for leave to proceed *in forma pauperis* [4] attorney representation [5] and any other pending motions are denied as moot. The Clerk is instructed to (1) enter a Rule 58 judgment in favor of Respondent and against Petitioner and (2) send Petitioner a blank civil rights form with instructions. Civil case terminated.

**STATEMENT**

Petitioner Stefannie Dyson, a pretrial detainee at the Cook County Jail, brings this *pro se* habeas corpus petition under 28 U.S.C. § 2241 challenging her Wisconsin extradition warrant. Pending before the Court is the initial review of the habeas corpus petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

Rule 4 requires this Court to examine the petition and supporting exhibits and dismiss a petition if it "plainly appears" that Petitioner is not entitled to relief. Petitioner was charged with theft – false representation (more than $10,000 and less than $100,000), and two counts of identity theft in Wood County, Wisconsin. [1, at. 25-28, 41.] The Governor of Wisconsin submitted an extradition request to the Governor of Illinois which the Illinois governor recognized by issuing an arrest warrant instructing Illinois law enforcement to arrest Petitioner and deliver her to the Wisconsin governor. [*Id*. at 14, 26.] Petitioner was arrested on unrelated Illinois charges, and her extradition to Wisconsin is deferred until her Illinois charges are resolved. [*Id*. at 20]; see also 725 ILCS 225/19 (Illinois governor may defer extradition until Illinois prosecution is complete).

Petitioner brings multiple challenges to her extradition warrant including: (1) warrantless arrest; (2) failure to provide her copies of necessary documents; (3) *ex post facto* violation as necessary documents to support Petitioner's arrest were allegedly produced after her arrest; (4) the

---

[1] Although this case is brought under 28 U.S.C. § 2241, the Court is permitted to apply the Rules Governing Section 2254 Cases in the United States District Courts to the instant action. *See* Rule 1(b) (allowing application of rules to non § 2254 habeas corpus cases); *Poe v. United States*, 468 F.3d 473, 477 (7th Cir. 2006).

Wisconsin charge is based on a false information; and (5) her detention is cruel and unusual punishment.

The Extradition Clause of the United States Constitution requires the governor of one state to deliver a fugitive found in that state to the governor of the demanding state. U.S. CONST. art. IV, cl. 2; *Michigan v. Doran*, 439 U.S. 282, 286 (1978). The Constitutional provision is implemented by Congress through 18 U.S.C. § 3182, *Doran*, 439 U.S. at 286; and by the States, including Illinois, through the Uniform Criminal Extradition Act, 725 ILCS 225/1 *et seq. Behr v. Ramsey*, 230 F.3d 268, 270 (7th Cir. 2000).

"Extradition is intended to be a summary and mandatory executive proceeding." *Coungeris v. Sheahan*, 11 F.3d 726, 728 (7th Cir. 1993) (citing *California v. Superior Court of California*, 482 U.S. 400, 407 (1987); *Doran*, 439 U.S. at 288; *Pacileo v. Walker*, 449 U.S. 86, 87 (1980)) (internal quotation marks omitted). The asylum state should not conduct a preliminary inquiry into the underlying criminal charge. *Doran*, 439 U.S. at 288; *Coungeris*, 11 F.3d at 728.

Petitioner may challenge the extradition warrant pursuant to Illinois's habeas corpus statute, 725 ILCS 225/26, as well as habeas corpus in federal court under 28 U.S.C. § 2241. *Doran*, 439 U.S. at 289; *Behr*, 230 F.3d at 271. However, this Court's role is very narrow.

> [A] court considering release on habeas corpus can do no more than decide (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive.

*Behr*, 230 F.3d at 271 (quoting *Doran*, 439 U.S. at 289).

At the outset, the Court notes that Petitioner concedes that she only litigated her state habeas corpus challenge before the state trial court and failed to appeal to the state appellate and supreme court. The exhaustion requirement is traditionally applied in § 2241 cases. *Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004). Petitioner seeks to excuse the exhaustion requirement explaining that the circumstances of her detention inhibited her ability to bring a timely appeal. The Court need not explore the issue further as Petitioner's underlying claims lack merit.

Applying the standard from *Doran*, the Court concludes that the extradition documents [1, at 14, 26] are (1) in order on their face, (2) state that Petitioner has been charged with a crime in the demanding state; (3) name Petitioner as the individual demanded for extradition; and (4) state that Petitioner is a fugitive. Petitioner meets the definition of a "fugitive" for purposes of extradition. *Behr*, 230 F.3d at 271 (citing *Strachan v. Colon*, 941 F.2d 128, 130-31 (2d Cir. 1991)) (explaining that "all that is required [for finding of being a fugitive in this context] is that the defendant [is] no longer [] in the state in which [s]he committed the crime, regardless of knowledge of guilt).

The Court cannot "go beyond the *Doran* factors when it rules on a habeas corpus petition . . ." *Behr*, 230 F.3d at 271 (citing *Coungeris*, 11 F.3d at 726). Petitioner's various arguments

challenging the underlying charges and attacking the extradition request that are beyond the *Doran* factors cannot be heard by this Court. See *Coungeris*, 11 F.3d at 728-29 (explaining that "strict accuracy" in extradition documents beyond *Doran* factors is not required, and the Extradition Clause does not allow the asylum state to make an inquiry into the validity of the underlying criminal charge). The habeas corpus petition is denied.[2]

Petitioner is advised that this is a final decision ending her case in this Court. If Petitioner wishes to appeal, she must file a notice of appeal with this Court within thirty days of the entry of judgment. See Fed. R. App. P. 4(a)(1). Petitioner need not bring a motion to reconsider this Court's ruling to preserve her appellate rights. However, if Petitioner wishes the Court to reconsider its judgment, she may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. See Fed. R. Civ. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. See Fed. R. Civ. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. See Fed. R. App. P. 4(a)(4)(A)(iv). Any Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. See Fed. R. Civ. P. 60(c)(1). The time to file a Rule 60(b) motion cannot be extended. See Fed. R. Civ. P. 6(b)(2). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. See Fed. R. App. P. 4(a)(4)(A)(vi).[3]

Dated: August 11, 2022

_____
Robert M. Dow, Jr.
United States District Judge

---

[2] In addition to challenging extradition, Petitioner alleges she is being wrongfully housed with mentally ill detainees at the jail resulting in her being "tortured daily with exposure to physical violence and cruel living conditions among mentally unstable inmates." [1, at 7.] Petitioner is advised that she should bring any challenge to the conditions of her confinement in a separate civil rights suit, the Court is not making a ruling on her conditions of confinement claim, and that a civil rights suit is governed by the requirements of the Prison Litigation Reform Act. *Glaus v. Anderson*, 408 F.3d 382, 390 (7th Cir. 2005).

[3] A certificate of appealability analysis is not necessary in this case as Petitioner's detention arises from an executive order, not a state court. 28 U.S.C. § 2253(c)(1)(A); *Evans v. Circuit Court of Cook County, Ill.*, 569 F.3d 665, 666-67 (7th Cir. 2009) (citing *Behr*, 230 F.3d at 270).